UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN R. BELIEU,<br><br>              Plaintiff,<br><br>  v.<br><br>JUDGE JOHN J. LALLY, SPOKANE COUNTY DEPUTY PROSECUTING ATTORNEY CLARK CALDWELL, PROSECUTING ATTORNEY DONALD BROCKETT, and DEPARTMENT OF CORRECTIONS SECRETARY JAMES DUGGER,<br><br>              Defendants. | NO: 13-CV-5123-TOR<br><br>ORDER DISMISSING COMPLAINT |

Plaintiff, a prisoner at the Washington State Penitentiary, brings this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  By separate Order the Court granted Plaintiff leave to proceed *in forma pauperis*.  Plaintiff states that Judge Lally is retired and none of the other Defendants currently hold their designated positions.

ORDER DISMISSING COMPLAINT--1

Plaintiff indicates that he filed a prior complaint against the named Defendants in 1986, asserting that his convictions for Second Degree Robbery and Second Degree Assault were overturned. Plaintiff is now asking this Federal District Court to direct the Spokane County Superior Court to comply with a decision of the Washington State Court of Appeals, Division III, and to have the charges totally expunged from Plaintiff's record.

## PRISON LITIGATION REFORM ACT

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1),(2) and 1915(e)(2); *See Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical

inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000)(en banc); *Franklin*, 745 F.2d at 1227.

The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id.* at 680. The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. On the basis of these standards, Plaintiff's present allegations fail to state a claim upon which relief can be granted.

Plaintiff alleges that in 1983, after his period of probation had expired, Defendant Caldwell sought, and then Judge Lally signed, a warrant for Plaintiff's arrest for "technical violations" of his probation. As a result, Plaintiff complains that his probation was revoked and his ten year suspended sentence was reinstated. Plaintiff states that he was returned to prison in 1984.

Plaintiff contends he successfully appealed, receiving an *en banc* ruling that his arrest, revocation, and subsequent prison sentence were illegal. Plaintiff asserts this cause (#29195-1986) was supposed to have been taken back to the Superior

ORDER DISMISSING COMPLAINT--3

Court for the entry of findings of fact and conclusions of law. Plaintiff complains that this was not done and the charges of Second Degree Robbery and Second Degree Assault remain on his record.

The relief Plaintiff is seeking is not available to him through this Court. A federal court lacks jurisdiction to direct a state court to comply with the directives of its appellate courts, *Demos v. United States Dist. Court for the E. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991); *See* 28 U.S.C. § 1651. In addition, Plaintiff's claims would be time barred by the three year statute of limitations applicable to § 1983 actions arising in the State of Washington. *See* Wash. Rev. Code § 4.16.080(2); *Bagley v. CMC Real Estate Corp.,* 923 F.2d 758, 760 (9th Cir. 1991). As presented, Plaintiff has failed to state a claim upon which relief may be granted by this Court.

## OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS COMPLAINT

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Here Plaintiff is seeking to personally sue public officials that have long ago left office. Plaintiff complains about certain actions that were not accomplished by these officials in the mid-1980s. Accordingly, it would be futile to allow Plaintiff the opportunity to amend his complaint.

ORDER DISMISSING COMPLAINT--4

1    Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint is **DISMISSED** for failure to state a claim.

2. Plaintiff's *in forma pauperis* application, ECF No. 2, is **DENIED.**

The District Court Executive is directed to enter this Order, enter judgment of dismissal, forward copies to Plaintiff, and **CLOSE** the file.

**DATED** December 17, 2013.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING COMPLAINT--5